UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RASYLN MCDANIEL,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MCDONALD'S RESTAURANTS<br>OF MICHIGAN, INC.,<br><br>　　　　　　　Defendant. | Case No. 26-11545<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER FOR PLAINTIFF TO AMEND HER COMPLAINT TO PROVIDE A MORE DEFINITE STATEMENT

Pro se Plaintiff Raslyn McDaniel filed a complaint in Genesee County Circuit Court against her former employer, McDonald's Restaurants of Michigan, Inc., under Title VII of the Civil Rights Act of 1964.  ECF No. 1-1. She alleges to have endured a hostile work environment, discrimination, and work-place retaliation, forcing her to resign.  *Id.*  McDonald's removed McDaniel's complaint to this Court, and the Honorable F. Kay Behm referred this matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 1; ECF No. 6.

During a scheduling conference on June 2, 2026, the Court noted that McDaniel's complaint does not meet the pleading standards under federal law.  Under those standards, "although [McDaniels'] complaint need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that Defendants discriminated against Plaintiff with respect to his race and gender." *Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (cleaned up).  In *Han*, the plaintiff's discrimination complaint pleaded his race and gender, and stated that he was fired after getting a bad evaluation. *Id*. at 626-27.  But the plaintiff's pleadings alleged "no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer" his entitlement to relief. *Id*. at 627; *see also Meka v. Dayco Prods. LLC*, 742 F. Supp. 3d 769, 775 (E.D. Mich. 2024) ("True, she alleges discriminatory treatment and termination based on her sex and national origin.  But she alleges no set of facts beyond those conclusory allegations that would allow this Court to infer that sex or national origin factored into Dayco's employment decisions.").  McDaniel's complaint is similarly deficient.

McDaniel alleged that she is Black and makes conclusory assertions that she suffered harassment, a hostile environment, discrimination, and

2

retaliation.  ECF No. 1-1.  She vaguely asserted that she was regularly sent home at the beginning or before the end of her shifts, and that similarly situated employees outside her race were treated differently.  *Id*.  But she stated no set of facts to allow the Court to infer her entitlement to relief.  *Id.*  And under Federal Rule of Civil Procedure 8(a)(2), McDaniel's complaint needs to show that she is "entitled to relief."

When a complaint is deficient under Rule 8(a)(2), "the Court has the inherent authority to *sua sponte* order Plaintiff to amend the complaint to provide a more definite statement."  *Schiavoni v. Marn*, No. 1:24-CV-2090, 2025 WL 2097747, at *6 (N.D. Ohio July 25, 2025) (collecting cases).  The Court thus **ORDERS** McDaniel to file a more definite statement in the form of an amended complaint by **July 6, 2026**.  *See id*. at *7.

The Court ends this order with a warning.  During the June 2nd conference, McDaniel responded with hostility to the Court's directive that she had to amend her complaint.  She repeatedly interrupted and spoke over the Court, and accused the undersigned of making "untruthful" statements.  Because of the Court's duty to "uphold the integrity and sanctity of the court's orders," it will not tolerate continued disrespectful conduct.  *United States v. Hall*, 153 F. Supp. 661, 664 (W.D. Ky. 1957).

> [W]hen litigants cross the line and their conduct during the
> litigation becomes abusive, courts cannot remain idle

bystanders. Judges are obligated to address that behavior lest the judiciary, our Third Branch of government, risks devolving into just another place where individuals can act out their aggressions and frustrations unbound by respect for the rule of law, common etiquette, and proper decorum.

*In re Jones*, 632 B.R. 138, 142 (Bankr. S.D. Ohio 2021); *see also Gilmore-Bey v. Schneider*, No. 24-CV-10689, 2025 WL 1618975, at *1 (E.D. Mich. May 29, 2025) (dismissing complaint because, among other reasons, the plaintiff showed "unbridled hostility" towards the Court).

Should McDaniel engage in further hostile conduct towards the Court or counsel, she may face sanctions that include the dismissal of her complaint.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 3, 2026

**<u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. "When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager