UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Raslyn McDaniel,<br><br>Plaintiff,<br><br>v.<br><br>McDonald's Restaurants of Michigan, Inc.,<br><br>Defendants. | Case No. 26-11545<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S IMPROPER FILING (ECF NO. 28)**

Plaintiff Raslyn McDaniel sues under 42 U.S.C. § 2000e *et seq*.. The Honorable F. Kay Behm referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 6.

Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer. Parties may also file motions that "state with particularity the grounds for seeking" a court order. Fed. R. Civ. P. 7(b). And the Court's local rules

permit parties to file responses and replies to motions. E.D. Mich. LR 7.1(d).

McDaniel has filed exhibits on the docket. ECF No. 28. Affidavits and/or other exhibits unconnected to any motion or other unauthorized filing are improper. Thus, the Court **STRIKES** it.

The Court again **WARNS** McDaniel that she may face sanctions if she clogs the docket with improper filings. “Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution’s limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.” *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). McDaniel’s pro se status does not give her license “to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.” *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up). If McDaniel continues to do so, the sanctions that she may face include “(1) involuntary dismissal with prejudice; (2) revoking the plaintiff’s IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court.” *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 9, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager